UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKEY PAUL BRUNET | ) |
| | ) |
| v. | ) No. 3:04-0728 |
| | ) JUDGE CAMPBELL |
| | ) |
| UNITED STATES OF AMERICA | ) |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Docket No. 1), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. Petitioner is now represented by attorney Dwight E. Scott. The Government has filed a response in opposition to the Motion (Docket No. 9). The Court held an evidentiary hearing in this case on November 6, 2006 and November 21, 2006.

Based on the evidence adduced at that hearing, the pleadings and briefs filed by both parties, the record of Petitioner's underlying conviction, and the entire record in this case, the Court concludes that Petitioner's Motion is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was indicted on four counts of income tax evasion, in violation of 26 U.S.C. § 7201. (Superseding Indictment (Docket No. 18 in Case No. 3:03-00057)). After trial on the charges, the jury returned a verdict of guilty on all counts. (Docket No. 31 in Case No. 3:03-00057). The Court sentenced the Petitioner to a total term of 27 months imprisonment, and three years of supervised release. (Docket No. 44 in Case No. 3:03-00057). Petition was advised of his right to appeal and that any notice of appeal had to be

filed within ten days. Petitioner has served his sentence of imprisonment and is currently on supervised release. The record reveals that no appeal was taken by either the Petitioner or the Government.

### III. Analysis

A. The Petitioner's Claims

Petitioner contends that his sentence is invalid, and that he received ineffective assistance of trial counsel because counsel failed to file an appeal challenging his conviction and sentence. (Docket No. 1). The Court initially denied the Motion, but the Sixth Circuit, on appeal, vacated the order and remanded the case for further proceedings on the Petitioner's claim. (Docket Nos. 10, 28).

B. Section 2255

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also conducted the trial, he may rely on his recollections of the trial. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

C. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir. 1994).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., at 2065.

In Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000), the Supreme Court reiterated prior decisions that it is "professionally unreasonable" for a lawyer to fail to file an appeal when specifically instructed by a client to do so. In such a case, the defendant is entitled to a delayed appeal and need not show any likelihood of success on its merits. Id.

3

When the client has not specifically instructed his or her attorney to file an appeal, however, the court is to consider whether the attorney "consulted" with the defendant about the advantages and disadvantages of filing an appeal. 120 S.Ct. at 1035. If the attorney has consulted with his client about the possibility of filing an appeal, his or her conduct is considered professionally unreasonable only if he or she fails to follow the defendant's express instructions. Id. If the attorney failed to consult with his or her client, the court is to examine whether that failure constitutes deficient performance. Id. at 1035-36. See also Regalado v. United States, 334 F.3d 520, 524-25 (6th Cir. 2003).

In this case, Petitioner testified that he and his trial counsel, Lowell H. Becraft, Jr., discussed the possibility of taking an appeal during the evening after the verdict was announced. Petitioner said that he and Mr. Becraft discussed whether to file an appeal in a car ride from the courthouse to the Petitioner's home, and discussed it further with his wife once they reached his residence. He said that Mr. Becraft told him he was unlikely to win on appeal but that Petitioner specifically told him he wanted to appeal anyway.[2]

Defense counsel Lowell H. Becraft, Jr. testified that he discussed the possibility of taking an appeal with the Petitioner on four separate occasions. He said that he advised the Petitioner that an appeal had little chance of success, and the Petitioner agreed. Mr. Becraft testified that he understands his obligation to file an appeal when instructed to do so. He unequivocally testified that the Petitioner, at no time, asked him to file an appeal.

Mr. Becraft said that his actions were consistent with the decision not to file an appeal.

---

[2] Petitioner points to the fact that transcripts of the trial were ordered, though not by him, as evidence that he anticipated filing an appeal. The only evidence in the record, however, is that the transcripts were filed on the docket before sentencing. There is no evidence as to which party ordered the transcripts, and Mr. Becraft, Petitioner's attorney, specifically testified that he did not order the transcripts.

4

He explained that he did not prepare a motion for release on bond pending appeal prior to sentencing as is his practice in every case in which he intends to file an appeal.

The Court finds that the credibility determination in this case favors Mr. Becraft. Although Mr. Becraft may not accurately recall all the details of the events surrounding the trial and the sentencing in the Petitioner's case, the Court concludes that his testimony regarding whether Petitioner requested an appeal is more credible than the version of events given by the Petitioner. The Court notes that the Petitioner admitted he did not discuss the subject of appeal with Mr. Becraft after the sentencing hearing even though he was surprised by the length of the sentence he received, and even though he admitted that the Court advised him during the sentencing hearing that he had only ten days to appeal. Given Petitioner's intense interest in the law regarding his case,[3] the Court does not credit Petitioner's testimony that his silence about an appeal was simply due to his assumption that Mr. Becraft was taking care of it. There was no evidence admitted at the hearing that Petitioner even attempted to contact Mr. Becraft during what would have been the appeals process to check on its progress.

As the Court has found that defense counsel specifically discussed the possibility of filing an appeal with the Petitioner and the Petitioner did not expressly direct defense counsel to do so before the expiration of the ten-day appeal deadline, the Court concludes that it was not professionally unreasonable for defense counsel not to file an appeal.

D. Sentencing Issues

Next, Petitioner argues that his sentence was invalid based on Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S.

---

[3] Petitioner's preoccupation with the law surrounding the payment of taxes and other issues was made manifest during his testimony at trial, and at the hearing on the pending motion.

5

466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Court assumes that the Petitioner now also is relying on United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which was decided after his Section 2255 Motion was filed. Blakely and Booker were decided after Petitioner's case was concluded, and final, and these cases do not apply retroactively in collateral proceedings. See, e.g., Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005). To the extent Apprendi applies to Petitioner's sentence, the Court concludes that its findings as to tax loss do not violate the holding in Apprendi because the findings did not result in a sentence exceeding the statutory maximum. See, e.g., United States v. Tarwater, 308 F.3d 494, 517 (6th Cir. 2002).

As Petitioner's claims are without merit, the Court concludes that his Section 2255 Motion should be DENIED, and this case is DISMISSED.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner's Motion filed under 28 U.S.C. § 2255 should be denied.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

IT IS SO ORDERED.

*Todd Campbell*

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

6